[No. 2,220.]

ELIJAH WHITE *v.* HENRY COX, EDWARD BAN-
NISTER, DAVID N. COEY, WILLIAM HOL-
DREDGE, AND ELIZA HOLDREDGE, HIS WIFE,
LEON C. LAMAR, AND GERTRUDE LAMAR, HIS
WIFE.

DIFFERENT CAUSES OF ACTION IN SAME PLEADING. — In pleading, each
cause of action or ground of defense should be separately stated, and not so
mingled together as to render it impossible to determine the precise nature
and limits of each.

STATEMENT OF SEVERAL CAUSES OF ACTION IN COMPLAINT — If the dam-
ages for which the plaintiff demands satisfaction in his complaint resulted
partly from a successful conspiracy to expel him from a church, partly from
libelous publications in charges preferred to the church, and partly from
the malicious prosecution of these charges before the church, each of these
causes of action should be separately stated, so that the defendant may
plead to them separately.

APPEAL from the District Court of the Fifteenth Judicial
District, City and County of San Francisco.

The plaintiff, who had been a member of the Howard
Street Methodist Episcopal Church, in San Francisco, brought
this action against the pastor and some of the members of
that church. The Court below sustained a demurrer to the
complaint, and the plaintiff failing to amend, judgment by
default was rendered against him.

The other facts are stated in the opinion.

*Augustus M. Heslep* and *John McHenry*, for Appellant.

*E. D. Sawyer* and *George Turner* and *Elisha Cook*, for Re-
spondents.

By the Court, CROCKETT, J.:

We think the demurrer [to the complaint was properly
sustained, on the ground that it attempts to unite several

causes of action, without stating them separately. When stripped of its useless verbiage and repetitions, the substance of the averment is that the defendants conspired together to defame the plaintiff by preferring against him a false accusation, knowing it to be false, with the intent to cause him to be expelled from the church, and to destroy his reputation as a citizen and as a physician; that in pursuance of their design, they caused to be prepared and published a defamatory publication, in the form of charges and specifications, to be presented to a church committee, imputing to the defendant certain acts of gross immorality, which are specified; that knowing the charges to be false, they presented them before the committee, and without legal or competent evidence, procured him to be convicted and expelled from the church; and by reason of these proceedings he has been damaged in his reputation as a citizen and a physician. For all these wrongs he demands damages. The gravamen of the action is: first, that the defendants maliciously conspired together to destroy his reputation and to cause him to be expelled from the church by preferring a false charge against him; second, that in pursuance of this design they published a libel of him in the form of charges to be presented to the church committee; third, that in further pursuance of their design they presented the charges before the committee, knowing them to be false, and without legal or competent proof procured him to be convicted and expelled from the church. In one of its aspects the action is for a conspiracy to do the plaintiff an injury by defaming his reputation and causing him to be expelled from the church. In another it is an action for the publication by the defendants of a libel concerning the plaintiff; and in yet another it is an action for malicious prosecution. Upon this showing, the damage to the plaintiff for which he demands compensation, resulted partly from the successful conspiracy to expel him from the church, partly from libel-

ous publications, and partly from the malicious prosecution by the defendants of a false charge, knowing it to be false, before the church committee. If he intended to rely on each of them as a ground of damage, he should have stated them separately as required by section sixty-four of the Practice Act, in order that the defendants might plead to each separately. The simplicity essential to a good pleading requires that each cause of action or ground of defense should be separately stated and not so mingled together as to render it impossible to determine the precise nature and limits of each.

Judgment affirmed.

Mr. Chief Justice WALLACE did not express an opinion.