[No. 13364.   Department Two. — June 30, 1891.]

## IDA M. COSGROVE, Appellant, v. ASA FISK, Respondent.

Pleading — Complaint — Demurrer — Misjoinder of Causes of Action. — A cause of action for costs incurred in having to bring suit against the defendant for specific performance of an agreement to reconvey certain premises, a cause of action based upon alleged fraud, malice, and oppression of the defendant, and a cause of action arising from the breach of the defendant's written covenant of warranty of property conveyed to the plaintiff, cannot be united; and a complaint which unites and mingles together such causes of action is demurrable, on the ground that several causes of action are improperly united.

Id. — Facts Constituting Fraud. — A complaint alleging a cause of action based upon alleged fraud of the defendant, which fails to aver the facts constituting the fraud, is demurrable as to that cause of action.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*J. C. Bates*, for Appellant.

The whole matter involved in this action is but one transaction under contract, which may be tried and determined in this suit.   (*Naumberg* v. *Hyatt*, 24 Fed. Rep. 900.)

*Daniel Titus*, for Respondent.

Several causes of action have been improperly united. (Code Civ. Proc., sec. 427.)   If the complaint be regarded as grounded in fraud and oppression, it is insufficient, because it does not state the facts constituting the fraud.   To maintain an action on the ground of fraud, it is not sufficient simply to aver fraud, but the facts and circumstances constituting the fraud must be set forth.   (*Kinder* v. *Macy*, 7 Cal. 207; *Davis* v. *Robinson*, 10 Cal. 412; *Oakland* v. *Carpentier*, 21 Cal. 666; *Payne* v. *Elliott*, 54 Cal. 339; 35 Am. Dec. 80.)

FOOTE, C. — The plaintiff, going by the name of Ida
M. Carroll when a certain agreement, marked "Exhibit
A," to the amended complaint herein, was entered into,
which affected certain of her rights and interests,
brought this action against the defendant, Fisk, under
her present name of Ida M. Cosgrove. The complaint
was demurred to upon several grounds, and the de-
murrer sustained. Thereupon the plaintiff declined to
amend the complaint, leave having been given her to do
so; judgment was made and entered that she take noth-
ing by her action, and that the same be dismissed.
From that this appeal is taken.

The complaint contains but one count, and has united
therein and mingled together a cause of action based
upon the incurring by the plaintiff of sixty dollars costs,
etc., in having to bring suit against the defendant to
force him to comply with his agreement in writing to
reconvey certain lands and premises to the plaintiff,
which she had before that conveyed to him, which sum
of money, claimed to be reasonably due the plaintiff by
the defendant, it is alleged he refuses to pay, with a
cause of action, based upon the alleged fraud, malice, and
oppression of the defendant, which omits to state the
facts showing such fraud, and a cause of action arising
from the breach of the defendant's covenant, contained
in an instrument, Exhibit B, made by him to the
plaintiff, which covenant, it is claimed, binds him that
the property he has conveyed is free and clear of all
encumbrances and liens made, done, or suffered by him.

It will readily be perceived from an examination of
the pleading objected to that it mingles together several
distinct causes of action, not all belonging *to any one* of
the classes mentioned in section 427 of the Code of Civil
Procedure, which rendered the complaint obnoxious to
the demurrer that several causes of action were improp-
erly united. (Code Civ. Proc., sec. 430, subd. 5; *Nevada
and Sac. Canal Co.* v. *Kidd*, 43 Cal. 184; *White* v. *Cox*, 46

Cal. 170; *Watson* v. *San Francisco & H. B. R. R. Co.*, 41 Cal. 17.)

Furthermore, the cause of action based upon the alleged fraud of the defendant failed to aver the facts showing the fraud, and comes within the fourth ground of the demurrer, which is well taken. (*Payne* v. *Elliott*, 54 Cal. 340; 35 Am. Rep. 80; *Pehrson* v. *Hewitt*, 79 Cal. 598.)

For these reasons, we advise that the judgment be affirmed.

FITZGERALD, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.