VEGA ET AL. *v.* RODRÍGUEZ ET AL.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 607.—Resuelto en marzo 6, 1911.

ALEGACIONES—EXCEPCIONES PREVIAS—SENTENCIA.—Sostenidas unas excepciones previas, la parte a cuyo favor se dictara la resolución, tiene derecho a pedir que se dicte sentencia definitiva, a no ser que se conceda permiso a la otra parte para enmendar o adoptar cualquier otra medida, bien porque la ley así lo disponga, o por convenio de las partes, o porque la corte de oficio o a instancias de la parte que haya perdido, así lo decrete.

ID.—PERMISO PARA ENMENDER.—Aunque la práctica en estos casos es conceder permiso para enmendar, la corte no está obligada a hacerlo cuando la conducta de la parte contra la que se dictara la resolución, o sus alegaciones mismas, llevan la idea al ánimo del tribunal de que la prosecución del caso es inútil.

Id.—Moción Solicitando que se Dicte Sentencia—Notificación a la otra
Parte.—No es un requisito indispensable la notificación de una moción, a
la parte contraria, solicitando que se dicte sentencia definitiva, después de
dictada resolución sosteniendo unas excepciones previas, aunque la corte tiene
facultades discrecionales para ordenar que se haga tal notificación.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Juan de Guzmán Benítez.*

Abogados de los apelados: *Sres. Antonio Alvarez Nava
y José C. Rodríguez Cebollero.*

El Juez Asociado, Sr. Wolf, emitió la opinión del tribunal.

Los apelantes establecieron este pleito en la Corte de Distrito de Arecibo para que se hiciera la partición de bienes y entrega por razón de herencia, se anularan ciertas ventas y cancelaran determinadas inscripciones. Para tener éxito en el pleito era necesario que los apelantes alegaran y probaran ser herederos de Don Miguel Vega. La alegación se hizo en esta forma: "Que por todo lo dicho, la herencia de Don Miguel Vega se refunde actualmente en los demandantes enumerados en esta demanda, y los demandados Telesfora y Petrona Rodríguez, como hijos de Doña Gregoria Vega, José y Mercedes Rodríguez, descendientes de la misma, Aurelia Vega, hija de Juan José y Federico Calaf heredero de la participación de Doña Simona Vega. Que éstos, y nadie más, son los únicos interesados en la herencia de Don Miguel Vega; y que con excepción de los testamentos de Don Miguel, Doña Simona y Doña Petrona Vega, todas las demás transmisiones de derechos hereditarios lo han sido por herencia intestada, cuyas declaratorias *serán presentadas oportunamente* para llevar a cabo la división de herencia que se solicita en este caso."

Los demandados establecieron excepción previa a la demanda fundada en que: 1°. La demanda no aducía hechos suficientes para determinar una causa de acción, y 2°. Porque era ininteligible y dudosa. El día 10 de mayo de 1910, la Corte de Distrito de Arecibo resolvió que las palabras arriba subrayadas eran muy vagas, pues el juez no podía saber si con ellas quería expresarse que se presentáran a la corte las soli-

citudes de declaratorias de herederos durante la tramitación del litigio, o si se trataba de indicar que se acreditara con los respectivos autos de declaratorias el haber sido declarados herederos los interesados; en el primer caso procedería que se declarase con lugar la primera excepción, o sea que la demanda no aduce hechos suficientes para determinar una causa de acción; y en el segundo caso nó; que, por tanto, con motivo de la duda, la segunda excepción, o sea que la demanda es ininteligible y dudosa, debe declararse con lugar. No habiéndose concedido permiso para hacer enmiendas, ninguna trató de hacerse ni nada más se hizo en el caso hasta el día quince de julio de 1910, en que algunos de los demandados presentaron moción escrita para que se dictase sentencia, expresando en la misma, entre otras cosas, que los demandantes no habían hecho gestión alguna en el caso desde el mes de mayo de 1909, ni comparecieron cuando se argumentó la excepción previa.

De conformidad con la moción, dictó la Corte de Distrito sentencia el día quince de julio de 1910, expresando que la ley y los hechos estaban a favor de los demandados y desestimando la demanda. Se apela de la sentencia y el primer fundamento de error que se alega, es que la sentencia no debió dictarse como definitiva sino simplemente en forma de un sobreseimiento. Otro fundamento de error que se alega es que la moción solicitando se dictase sentencia no fué notificada a los demandantes. No se alega que la excepción previa fuera indebidamente declarada con lugar.

Cuando una corte declara con lugar una excepción previa el caso queda por el momento resuelto, y la parte que gana la excepción tiene derecho a que se dicte una sentencia, a menos que se dé una oportunidad a la otra parte para enmendar o adoptar alguna otra medida. Esta oportunidad puede surgir, según la ley, por permiso o concesión de la corte dado voluntariamente, o a solicitud de la parte vencida, o quizás dicha oportunidad puede surgir de cualquier convenio hecho por las partes. Si nada de esto ocurre, la sentencia es una consecuencia tan necesaria del acto de declarar con lugar la excep-

ción previa, como una sentencia semejante sería la conclusión necesaria de la celebración de un juicio sobre los hechos. La excepción previa informa a la parte contraria que los hechos contenidos en su alegación se han admitido para los fines de la sentencia que haya de dictarse sobre los mismos. En este caso particular si las partes en el juicio se sometieron por la demanda solamente, la sentencia tendría que dictarse a favor de los demandados porque la corte no podía determinar si los demandantes eran los herederos, según se ha alegado. No habiendo comparecido los demandantes al acto de la vista de la excepción previa ni tratado de hacer enmienda alguna, la corte y las partes contrarias tuvieron sobrada razón para suponer que los apelantes no deseaban proseguir el pleito. Los demandados en realidad hubieran tenido derecho a que la corte discrecionalmente dictara una sentencia después de haber declarado con lugar su excepción previa. La práctica ordinaria es permitir a la parte vencida hacer enmiendas, existiendo una regla de la corte de distrito que concede a dicha parte un día, pero la corte no está obligada a conceder el permiso si en vista de la actitud de la parte que pierde, y de sus alegaciones, surge en la corte la idea de que es ociosa la continuación del caso. Según las circunstancias de este caso, creemos que la corte no cometió error o abusó de su discreción al dictar una sentencia definitiva en vez de una de sobreseimiento.

Iguales consideraciones son aplicables a la cuestión referente a la notificación de los demandantes. La corte pudo, a su discreción, haber ordenado que se hiciera la notificación, pero este no es un requisito indispensable. Las mociones a que hace referencia el artículo 315 del Código de Enjuiciamiento Civil son aquellas en que se dictan órdenes y no sentencias, y el artículo 317 prescribe:

"Toda notificación de una moción deberá hacerse por escrito a no disponerse en este Código que se verifique de otro modo y se practicará con cinco días de anticipación al señalado para la vista si ésta tuviere lugar en el distrito en que se siga el pleito y con diez días en

los demás casos.   Cuando la notificación se haga por correo, se ampliarán los términos anteriores, según los casos, a razón de un día más por cada veinte y cinco millas de distancia entre el lugar del juicio y aquel en que deba hacerse la notificación, sin que la ampliación del término pueda exceder de treinta días; pero la corte o juez podrá señalar un término más breve.   Al hacerse la notificación de una moción o de la orden que en virtud de ella se dicte para que se dé la razón de algún acto, se acompañarán copias de la moción y de la orden, y de los documentos con aquélla presentados exceptuándose las actas de la corte y los legajos del pleito, pero no habrá necesidad de notificar por escrito ninguna moción que afecte a las alegaciones o a la sentencia, ni la que se haga durante el curso del pleito.''

Una solicitud o moción para que se dicte sentencia es, por tanto, una excepción.

Los apelantes no alegan que se cometiera error alguno en la resolución de la corte declarando con lugar la excepción previa formulada a la demanda enmendada.   Tuvieron ellos tiempo suficiente para ser oídos.   No hicieron petición alguna en la corte inferior para que el caso fuera reconsiderado.   Y no apareciendo de los autos nada que justifique una revocación, debe confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociado Sr. del Toro.

Los Jueces Asociados, Sres. MacLeary y Aldrey, no intervinieron en la resolución de este caso.