## SALGUERO *v.* AMERICAN RAILROAD CO. OF P. R.

APELACIÓN procedente de la Corte de Distrito de Aguadilla.

No. 679.—Resuelto en mayo 22, 1911.

DAÑOS Y PERJUICIOS—FALTA DE PRUEBA—DAÑOS NOMINALES.—Cuando en una acción de indemnización de daños y perjuicios el demandante no prueba la existencia real de los mismos, no comete error el tribunal que falla en contra del demandante, aun cuando en determinados casos pueda concederle daños nominales.

OCUPACIÓN DE UN TERRENO—ACCIÓN EN COBRO DE CANON.—No existiendo contrato alguno de arrendamiento de una parcela de terreno ocupada de buena fe por el demandado, bajo la creencia de que pertenecía a El Pueblo de Puerto Rico y no al demandante, no puede éste reclamar el pago de un canon de arrendamiento.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Reichard y Reichard.*

Abogados del apelado: *Sres. N. B. K. Pettingill y Fernando Vázquez.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Alfredo Salguero obtuvo en la Corte Municipal de Aguadilla, una sentencia contra la "American R. R. Co." por la suma de $390, y costas. Contra esta sentencia se interpuso por la compañía ferroviaria, recurso de apelación; y el día 22 de diciembre de 1910, después de celebrado el juicio, el juez de la corte de distrito pronunció un fallo a favor de la compañía demandada.

Antonio Salguero es el apelante ante este tribunal. La "American R. R. Co." utilizó el terreno del demandante, ocupándolo con una placa giratoria, y la vía necesaria para llegar a la misma. El apelante alega que frecuentemente notificó a la compañía, para que quitase la vía y la placa giratoria, pero que dicha compañía nunca quiso atender a su súplica. Sin embargo, la prueba demuestra que sólo uno o dos años antes de entablarse este pleito, el demandante dirigió a la compañía, una comunicación formal, y a esa comunicación iba unida una oferta de venta.

El apelante demostró que la compañía había ocupado el citado terreno durante seis años y medio, sin pagarle nada por su uso y ocupación. La demandada, en cambio, dice que lo venía ocupando en la equivocada creencia de que pertenecía a la propiedad de El Pueblo de Puerto Rico, y que ella tenía derecho a utilizar dicho terreno, en virtud de algún convenio celebrado con El Pueblo de Puerto Rico; y se probó también que la compañía no había utilizado dicha placa giratoria durante unos dos años. En la vista del presente caso, hubo alguna discusión sobre si la compañía apelada había o no ocupado el terreno de buena fe. Nos inclinamos a creer que la prueba demuestra que dicha compañía lo ocupaba de buena fe. Sea como fuere, nosotros estimamos que la sentencia de la Corte de Distrito de Aguadilla debe ser confirmada.

El apelante no demostró la existencia de contrato alguno con la compañía ferroviaria, y, por consiguiente, no tenía derecho a recuperar nada por concepto de alquileres. El pudiera haber obtenido un fallo a su favor, con motivo del uso y ocupación de dicho terreno, si hubiera demostrado la existencia de daños y perjuicios realmente sufridos; pero no se demostró tales daños y perjuicios. Cuando no se demuestra la existencia de daños y perjuicios realmente sufridos—aunque en un caso adecuado, el tribunal podría adjudicar al demandante una indemnización nominal—no hay error alguno en fallar en contra del demandante, cuando éste deja de probar su derecho, como ha sucedido en el presente caso. (*Palou et al.* v. *Dueño et al.*, decidido en 25 de junio de 1909; *Quiñones* v. *American R. R. Co. of P. R.*, marzo 10, de 1911.)

No encontramos, en la sentencia, error alguno, y la misma debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, del Toro y Aldrey.