JOAQUINA BATLLE VIUDA DE VILARÓ, demandante y apelante, *v.* SERGIO TORRUELLA CORTADA, demandado y apelado.

No. 4330.—*Sometido*: Abril 13, 1928. *Resuelto*: Febrero 21, 1929.

*Tous Soto & Zapater*, abogados de la apelante; *José A. y Alberto S. Poventud*, abogados del apelado.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

La demandante en este caso, ha presentado tres causas de acción; y ha alegado, substancialmente, lo que sigue: Que los herederos de Braulio Fernández, eran en 1905, dueños de varias parcelas de terreno, descritas y aparentes en cierto plano, y de las que había una de 13.83 cuerdas, otra de 23.13 cuerdas, otra de 3.25 cuerdas, otra de 4.13 cuerdas, y otra de 36.94 cuerdas, con algunos cascajales, cuya medida expresa, y de las que, cuatro parcelas, que describe, daban una superficie total de 38 cuerdas y 75 centésimas, otras seis parcelas, una superficie de 42 cuerdas y 60 centésimas; y otra, que marca con el número 11, de una cabida de 14 cuerdas; que las fincas fueron transmitidas en dominio y posesión a la sociedad Griffo y Compañía, la que refundió las parcelas 1, 2, 3 y 4 en una finca por agrupación, que se inscribió en el Registro de la Propiedad de Ponce bajo el número 6351; y las parcelas 5, 6, 7, 8, 9 y 10, se agruparon para formar la finca que se inscribió en el mismo registro bajo el número 6352 y con las descripciones que en la demanda se expresan; que en esas agrupaciones no se incluyó la finca que se marca en la demanda con el número 11; que Alejandro Franceschi adquirió las fincas números 6351 y 6352, por compra a Griffo y Compañía, y las vendió en 27 de septiembre de 1923 a Sergio Torruellas; que cuando las fincas fueron compradas por Franceschi, y luego por Torruella, estaban dadas en arrendamiento a la Bernal Estate, por un término que vencerá en 14 de junio de 1931, y ni Franceschi ni Torruella tomaron posesión material de las fincas 6351 y 6352, de las que tenían tal posesión material, primero la Bernal Estate, y luego su sucesora South Porto Rico Sugar Company, que la tenían también de la parcela No. 11, que nunca fué enajenada por Griffo y Compañía, su dueña, hasta el 3 de enero de 1925 en que fué vendida a la demandante por el Márshal de

la Corte de Distrito de Ponce, cumpliendo orden de ejecución, en cobro de crédito hipotecario, teniéndola actualmente la demandante inscrita a su favor, por virtud de escritura de venta judicial de 25 de abril de 1925; que el demandado, desde la fecha en que compró las fincas antes citadas, se halla percibiendo de la South Porto Rico Sugar Co., el canon de arrendamiento de la finca No. 11, propiedad de la actora, por alegar el demandado ser suya tal finca como parte de la No. 6351. Como segunda causa de acción, alegó, reproduciendo las alegaciones anteriores, que la demandante reclamó del demandado el reconocimiento de su dominio sobre la finca No. 11, y el demandado se avino a que por el agrimensor Sr. Roig, con vista de títulos y planos, se identificara la dicha finca, localizándola si estaba incluida entre las que en arrendamiento llevaba la South Porto Rico Sugar Co. como propias del demandado, y que el agrimensor procedió a las operaciones de mensura y replanteo de las fincas A (6351), B (6352) y número 11, consignando el resultado de pertenecer al demandado ciertos terrenos que en el plano se señalan, excepto una parcela de 14 cuerdas 90 centésimas; y el demandado ha rehusado atenerse al resultado de esas operaciones, y reconocer el dominio de la demandante sobre aquella parcela. Y como tercera causa de acción, a más de reproducir las alegaciones de las anteriores, alegó que el demandado ha percibido los cánones o rentas de la parcela No. 11 desde el 27 de septiembre de 1923 a razón de $16.20 mensuales, en daño de la demandante.

El demandado Torruella, por lo que se deduce, citó en evicción a Alejandro Franceschi, quien formuló una excepción previa por falta de hechos suficientes para determinar causa de acción; y el demandado Torruellas, presentó, en cuanto a toda la demanda, las excepciones por indebida acumulación de acciones, y falta de hechos suficientes a determinar causa; en cuanto a la primera causa, la de defecto de partes demandadas, la general de falta de hechos (que también formuló en cuanto a las otras causas de acción) y

la de ambigüedad, adicionando en cuanto a la tercera causa la prescripción.

Por petición de la demandante se señaló la audiencia en cuanto a las excepciones previas de Torruella y de Franceschi. Y el juez dictó, en 9 de mayo de 1927 su resolución declarando con lugar las excepciones previas de ambos demandados, y concediendo término para la enmienda.

En 17 de mayo de 1927, la demandante presentó a la corte una moción, solicitando que para los efectos de la apelación que tenía el propósito de establecer para ante la Corte Suprema de Puerto Rico, de la resolución de la de distrito, declarando con lugar las excepciones, se sirviera dictar sentencia en definitiva. Y la Corte de Distrito de Ponce, en fecha 17 de mayo de 1927, dictó sentencia declarando sin lugar la demanda, con costas a la demandante.

La demandante presentó su apelación, en la forma que aparece de las páginas 44 y 45 del récord; o sea

"Escrito de apelación.—Sres. José A. y Alberto S. Poventud, abogados de récord del demandado.—Señor Secretario de la Corte de Distrito del Distrito Judicial de Ponce, P. R.—Sírvanse quedar notificados que apelamos para ante la Honorable Corte Suprema de Puerto Rico, de la sentencia dictada por la Corte de Distrito del Distrito Judicial de Ponce, P. R., el día 18 de mayo de 1927, declarando sin lugar la demanda en el presente caso.

"Ponce, Puerto Rico, a 10 de junio de 1927.—José Tous Soto & F. Zapater, By—f—F. Zapater, abogados de la demandante.

"Notificados con copia hoy día 10 de junio de 1927, José A. Poventud y Alberto S. Poventud, fdo.—Abogados del demandado."

Ante este Tribunal, se ha promovido la desestimación de la apelación, al formularse por el apelado Torruellas su alegato. Y éste es un extremo cuya resolución es, lógicamente, previa.

Se funda la petición de desestimación en los siguientes extremos:

(a) El escrito de apelación no se dirigió al compareciente citado en evicción, Alejandro Franceschi, que es parte contraria.

(b) La apelante no puede apelar de la sentencia invocada por ella misma.

Alejandro Franceschi fué citado en evicción. Compareció y formuló excepción previa a la demanda.

██ Sergio Torruella, a pesar de haber citado de evicción a Franceschi, compareció también a defender su título, y formuló excepciones previas. Y él sostiene que tenía el derecho de comparecer y ser parte en el pleito.

En la demanda en este caso se alegó que las parcelas números 1, 2, 3 y 4, se refundieron o agruparon para formar la finca que en el registro de la propiedad se inscribió bajo el número 6351; y que las números 5, 6, 7, 8, 9 y 10, se agruparon para formar la finca que en el registro aparece bajo el número 6352; y que la parcela que en el plano que se cita, aparece bajo la letra A, es la misma que lleva el número 11 en la alegación tercera de la demanda, y que no fué incluida en ninguna de las dos agrupaciones antes citadas (alegación 6, página 9, transcripción). Se alegó que Franceschi adquirió las fincas agrupadas números 6351 y 6352, y luego las vendió a Torruellas en 27 de septiembre, 1923, (alegación 7, página 9); que la finca número 11, nunca fué enajenada por su dueña, la sociedad Griffo y Compañía, hasta que en 3 de enero de 1925, el Márshal de la Corte de Distrito de Ponce la vendió, en ejecución hipotecaria, a la demandante y acreedora, quien la tiene inscrita en el registro a su nombre, por virtud de la escritura de venta judicial de 25 de abril de 1925 (alegación 9, página 10). Y que el demandado, alegando ser dueño de esa finca número 11, como parte de una de las constituidas por agrupación, está percibiendo el canon de arrendamiento de la misma.

No hay, de lo que resulta de las alegaciones, mérito alguno para citar de evicción a Franceschi, de quien no se dice que haya vendido jamás la finca número 11 a Torruella. A Torruella no se le podía privar de nada que le haya vendido Franceschi; según lo que aparece de las alegaciones.

Pero no puede sostenerse que las alegaciones sean la

única norma para hacer la citación de evicción. Entonces bastaría con que no se alegara de quién adquirió o apareció adquirir el demandado, para que cupiera la duda de si podría o no citarse de evicción. Es lo más probable que, en un caso en que se hacen las alegaciones que hemos reproducido en extracto, la citación de evicción sea innecesaria o redundante, ya que las alegaciones aparecen claras. Pero también es lo cierto que, aunque el demandante alegue que la finca no fué vendida por determinada persona, el demandado la haya adquirido de esa persona, y él no tiene otra ocasión de citar de evicción sino la que le da el artículo 1385 del Código Civil, esto es, dentro del término que se le da para contestar la demanda.

Una vez que el citado de evicción ha comparecido y hecho alegación, el primer demandado tiene, en realidad, cubierta su defensa. Su título es el del que responde en evicción, y en ese concepto lo defiende: su derecho está a salvo, ya que en el caso de que se le desposea, su vendedor le responde. Su comparecencia y su contestación, por más que no haya precepto legal que se las prohiba, parecen redundar en el litigio. La misma cita de Manresa (pág. 199, tomo 10, Comentarios) que el apelado ofrece parece sostener lo que acaba de decirse.

".... si el vendedor comparece, y sale a la defensa del comprador, con él seguirá el pleito; si lo gana, su perjuicio se habrá limitado al importe de las costas, si no obtuvo condena para la parte contraria; si lo pierde y la evicción llega a tener lugar, como la acción de evicción quedó preparada con la notificación, el vendedor vendrá obligado a sanear en los términos que hemos explicado. Si el vendedor no comparece en tiempo y forma, continuará, respecto del comprador, el término para contestar la demanda; las actuaciones se seguirán entendiendo con él, pero llegado el caso de evicción tendrá derecho al saneamiento ...."

En estas palabras se aclara el concepto legal. El derecho del comprador es el de que se le haga entrega de la cosa comprada, y que ésta sea la misma que compró, limpia,

saneada, libre de defectos materiales y legales, y no perceptibles. Y si el comprador es desposeído de lo que compró, siendo vencido en juicio y recayendo sentencia final y firme que le despoje, por razón de un derecho anterior a la compra, es evidente que el vendedor faltó en la entrega legal de la cosa, y tiene que responder de esa falta. Pero la ley no ha querido que aquel a quien se ha de imponer tal responsabilidad carezca de ocasión de defender el título bajo el que trasmitió; y de ahí el procedimiento de que habla el Código Civil.

Vese fácilmente que la relación que se crea en el saneamiento en caso de evicción es, en la realidad, una entre el comprador y el vendedor, y que no tiene gran importancia para el demandante la cuestión de quién va a defender el título. Pero es inevitable la consecuencia jurídica de que el citado en evicción tiene interés en el pleito, ya que sus responsabilidades, si acaso tuviera razón la demandante y apelante, van a recaer sobre él. Es una parte, y una parte adversa al demandante.

El apelante ha sostenido que la excepción previa de Franceschi no fué considerada por la corte en su resolución. Es indudable que una de las partes, con derecho perfecto a pedir el señalamiento de la vista de esa excepción lo pidió en tiempo (folios 18 y 19, transcripción) y para el mismo día en que se señalaron las otras excepciones. La de Franceschi fué de falta de hechos suficientes para determinar causa de acción; y la corte resolvió que la demanda no aducía hechos suficientes para determinar causa de acción; excepción que era común a las dos partes demandadas.

Creemos indudable el derecho del citado en evicción a alegar excepción previa, y a hacer cualquier otra clase de alegaciones que pudiera hacer o presentar el primitivo demandado. No hay precepto legal que le limite ese derecho; y antes por el contrario, el caso del interventor voluntario que puede hacer toda clase de alegaciones, se halla decidida-

mente en contra de la teoría que en este particular parece sentar el apelante.

¿Se notificó de la apelación a Franceschi?

La apelada discute este punto extensa y detalladamente. Pero es de tenerse en cuenta que el abogado Sr. Cristino R. Colón ha presentado un escrito en el que afirma que fué nombrado por Franceschi para que le representara en este pleito, que fué notificado de la apelación, y que por una inadvertencia no se hizo constar la notificación al pie del escrito. No importa la fecha en que esta manifestación se haga. El abogado de Franceschi admite que fué notificado, y, a nuestro juicio, ello es suficiente. Pudo faltar en el escrito la prueba del servicio; pero esto es distinto de la falta de la notificación. Y no puede, en esta materia, ir el demandado Torruella más allá, ni exigir más, de lo que fuera o exigiera el propio interesado Franceschi. Esto aparte del *affidavit* presentado por la apelante, que es bastante para probar el hecho de la notificación.

La parte apelada sostiene que el apelante no puede impugnar la sentencia que él mismo pidió.

No estamos conformes con la proposición. La demandante, después de resueltas las excepciones previas, pidió a la corte que dictara sentencia a los fines de poder apelar ante este tribunal. Es lógico. De la resolución de las excepciones no podía apelar; y sólo recayendo una sentencia de acuerdo con la resolución de excepciones, podía interponer el recurso. ¿Era indispensable que siguiera en el pleito, alegando, enmendando una demanda que no consideraba tener que enmendar, y quizá creando, por la enmienda, situaciones distintas o contradictorias a la que se proponía, o necesitaba, crear?

El apelado cita varias resoluciones de este tribunal, como las de los casos, *Vega* v. *Rodríguez*, 17 D.P.R. 251, *Capó* v. *Capó*, 17 D.P.R. 256 (255), *Lamb* v. *Fantauzzi*, 17 D.P.R. 307, y *Torres* v. *Calaf*, 17 D.P.R. 616. En realidad en las tres primeras se declara que resueltas excepciones previas

a favor del demandado, éste tiene derecho a que se dicte sentencia a su favor, salvo el caso de que se conceda permiso para enmendar. Pero no se declara que el demandado sea el único con derecho a pedir que se dicte sentencia. Y en el caso *Torres* v. *Calaf*, la declaración es adversa a la teoría del apelado, ya que se dice que para que las resoluciones en excepciones previas pongan término al asunto, y puedan ser conocidas por este Tribunal en apelación, es necesario que se registren como sentencias. Y los casos que se citan con relación a órdenes a petición de una parte, desestimaciones, etc., no producen el efecto que la parte apelante le quiere atribuir.

Nótese además, la forma en que se dictó la sentencia en este caso.

"La Corte, de conformidad con dicha moción, y por los fundamentos de su resolución de 9 de mayo corriente declarando con lugar las excepciones previas alegadas en este caso, la cual resolución 'se hace formar parte de esta sentencia, declara sin lugar la demanda en todas sus partes con las costas a la demandante."

La moción de desestimación debe declararse sin lugar.

Entremos en el estudio y resolución de la apelación en el fondo.

Como primer error ha señalado la apelante el que sigue:

"La Corte de Distrito erró al declarar con lugar la excepción de indebida acumulación de acciones."

Del estudio de la demanda resulta que se está pidiendo por el demandante que se declare que él es dueño de la finca No. 11, y que, en ese concepto le corresponden los frutos de la misma, y que una y otros le deben ser entregados. Pero como segunda causa de acción se ha alegado que el demandante solicitó del demandado le reconociera su propiedad sobre esa finca y que se convino en que se hiciera, como se hizo, una mensura, replanteo e identificación de varias fincas, entre ellas la No. 11, y que las partes se atendrían al resultado de la misma; y una vez que tales operaciones

se practicaron, el demandado se ha negado a cumplir su compromiso y a reconocer el dominio del demandante.

La excepción fué que las acciones para reivindicación de la finca y para pago de frutos percibidos y por percibir, no podían ser acumuladas a la para cumplimiento del convenio, ya que las primeras son por esencia *ex-delicto* y la última *ex-contractu*.

En el artículo 104 del Código de Enjuiciamiento, Civil se encuentra la norma para la acumulación de acciones. En el apartado 8 del mismo artículo se dice:

"8. Las acciones así acumuladas deberán todas corresponder a una sola de estas clases, y afectar a todas las partes en el pleito; no habrán de exigir distintos lugares para la celebración del juicio, y deberán exponerse separadamente; pero una acción por arresto y persecución maliciosa, o cualquiera de estas causas, podrá acumularse a otra por ofensa o daño a una persona."

En la decisión en el caso *Siaca* v. *Brunet,* 13 D.P.R. 157, que se cita por la parte apelada, es cierto que se ha dicho que todas las acciones acumuladas deben pertenecer a la misma clase; pero no ha hecho esta expresión como declaración del tribunal, sino como reproducción del artículo 104 del Código de Enjuiciamiento Civil. Precisamente en ese caso se pretendió que en la demanda se aducían dos causas de acción, y el tribunal declaró que era así, porque debieron ser establecidas separada y claramente, lo que no se había hecho.

Más fuerte parece la autoridad de los casos *Stark* v. *Wellman,* 96 Cal. 400, *McCarty* v. *Fremont,* 23 Cal. 197, y *Cosgrove* v. *Fisk,* 90 Cal. 75. En el caso *McCarty* v. *Fremont,* (23 Cal. 197) se habían acumulado tres causas de acción, daños a la propiedad personal, daños a la propiedad real, y daños a la persona, y no se establecieron por separado, lo que era en violación del estatuto. En el caso *Cosgrove* v. *Fisk,* las causas de acción acumuladas fueron las de costas por un pleito tenido contra el demandado para cumplimiento de un contrato, otra basada en fraude, ma-

licia y opresión y otra nacida de la violación de un contrato de garantía, que evidentemente no eran acumulables. Y en el caso *Stark* v. *Wellman,* las causas acumuladas fueron una de responsabilidad por negligencia en el cuidado de cierta suma, y por su falta de devolución, y, otra por haber el demandado hecho uso en su beneficio, de tal suma.

La parte apelante, argumentando este señalamiento de error, sostiene que en la realidad de los hechos, las causas de acción primera y segunda, son uno y la misma, expresadas en formas distintas, o sea, la acción reivindicatoria, nacida de la ley, artículo 354 del Código Civil, que da al propietario la acción contra el tenedor y el poseedor de la cosa para reivindicarla, y que esa acción ha sido expuesta en diferentes *counts* o formas que se han denominado causas de acción, no siendo en realidad otra cosa que formas diversas de exposición de la misma causa. Cita, en primer lugar las decisiones en los casos *Kyle* v. *Craig,* 125 Cal. 107, y *Murray* v. *Murray,* 115 Cal. 266, y de ellos la doctrina jurídica de que la equivocada designación de una parte de la demanda como una causa de acción separada, no debe ser tenida en cuenta como error que no afecta los derechos substanciales de las partes.

En el caso *Murray* v. *Murray,* se trató de que se establecía una sola causa de acción, y en cuanto a ciertos traspasos de propiedad fraudulentamente realizados se designó erróneamente como una "separada y segunda causa de acción." Y en el caso *Kyle* v. *Craig,* se trató de la efectividad de un "trust" sobre bienes personales y sobre propiedad real, y se sostuvo que no se ocasionaba perjuicio al demandado porque se establecieran separadamente las dos causas, una por la propiedad mueble, y otra por la inmueble.

Nos parece más fuerte el razonamiento en el caso *Jones* v. *Steamship Cortés,* 17 Cal. 499, 79 Am. Dec. 142. Se dice allí:

"Existe solamente una forma de acción, la cual no requiere otra cosa que la exposición en lenguaje corriente de los hechos en que se

funda el remedio solicitado. El estatuto no hace distinción alguna, en lo que a la forma se refiere, entre acciones basadas en contrato y las basadas en actos torticeros, y el remedio solicitado se administra sin tener en consideración las reglas técnicas y artificiales del derecho común sobre la materia. En la misma demanda pueden acumularse distintas causas de acción, y las únicas restricciones a este respecto que se imponen a la persona que alega un derecho, son aquellas exigidas por el estatuto mismo. Nuestro sistema de procedimiento se ha formado tomando de modelo el derecho civil y uno de sus objetivos principales es evitar litigios prolongados y molestosos. Las cortes están en el deber de ayudar cuanto les fuere posible en el cumplimiento de este objetivo, el cual no debe ser eliminado mediante la aplicación de reglas que no tienen relación legítima con el sistema. Las disposiciones relativas a la evitación de multiplicidad de procedimientos, deben ser interpretadas liberal y provechosamente, y no vemos razón por qué todas las cuestiones que surjan en la misma transacción y que formen parte de ella no puedan ser ventiladas y resueltas en el mismo pleito. Causas de acción que difieren en su naturaleza y que no tienen relación entre sí, no pueden ser acumuladas, pero el objeto de esta regla es evitar la confusión y ambigüedad que necesariamente resultaría de la acumulación de cuestiones d'stintas e incongruentes, y ella no tiene aplicación alguna a un caso que comprenda una variedad de circunstancias a tal extremo relacionadas, que constituyan una sola transacción.''

Para que no se puedan unir dos causas de acción, es preciso que difieran en su naturaleza, y no tengan conexión entre sí. La regla no es tan rígida como parece, y no se aparta de la lógica procesal.

En el caso *Asilo de Damas* v. *Diana,* 18 D.P.R. 779, se hizo también aplicación liberal de la regla. Y en el caso *Ortiz* v. *Texidor,* 27 D.P.R. 134, se trata de la diferencia entre los remedios legales y las causas de acción; y del *syllabus* tomamos lo que sigue:

''CAUSA DE ACCIÓN—REMEDIOS—ALEGACIONES.—Las causas de acción son claramente distintas de los remedios a que pueden dar lugar; y la misma causa de acción puede dar lugar a varios remedios. Una demanda puede, sin exponer más de una causa de acción independiente, exigir la determinación de varias materias incidentales al remedio principal, y será considerada como que no expone sino

una causa de acción, aunque en ella se soliciten distintos y varios remedios, cuando todos ellos sean germanos a la consecución de un solo derecho fundamental. Así, pues, en un pleito para obligar al cumplimiento de un contrato sobre venta de terreno, la demanda no expone sino una sola causa de acción, aunque persiga además del cumplimiento personal (*specific performance*) del contrato, la indemnización por concepto de rentas y ganancias.''

La corte sentenciadora incurrió en el error que se señala.

■ Como segundo error se señala el siguiente:

''Segundo Error.—La Corte erró al declarar que existe un defecto de partes en la demanda por no haberse hecho parte demandada en esta acción reivindicatoria a la arrendataria South Porto Rico Sugar Company.''

Las partes, al argumentar acerca de este señalamiento, proponen cuestiones distintas, de las que algunas son de verdadero interés.

Preséntase por la parte apelante la cuestión de la diferencia entre la acción reivindicatoria y la de *ejectment* y del error de la corte al tomar por una y la misma esas dos acciones. Y, como consecuencia de este argumento, se ha presentado por la otra parte la interpretación de ciertos artículos del Código Civil, de acuerdo con la doctrina de este tribunal y del Supremo de España.

Procede aclarar y fijar un concepto que es, a nuestro juicio, importante.

Se ha citado el artículo 354 del Código Civil, y de él el último párrafo, que dice:

''El propietario tiene acción contra el tenedor y el poseedor de la cosa para reivindicarla.''

y acerca de este artículo, las sentencias de este tribunal y de otras cortes en varios casos. Por ejemplo: el caso *Enmanuel* v. *El Pueblo*, 7 D.P.R. 221, en donde se dijo que para que pueda prosperar la acción reivindicatoria, a más de acreditarse la identidad de la cosa y su dominio, debe ser aquélla ejercitada contra el tenedor o poseedor de la

cosa que se trata de reivindicar; doctrina que aparece en el caso de *Ledesma* v. *González,* 1 D.P.R. 420. Y asimismo el caso *Marix* v. *Acevedo,* XII P. R. Fed. Reports, 139, en que se sostiene que la acción reivindicatoria es substancialmente la misma de *ejectment.*

El Código Civil, como todos los códigos, ha reconocido y regulado el derecho de propiedad, entrando, en el artículo 354, en su definición, como aquel por virtud del que una cosa pertenece en particular a una persona con exclusión de cualquiera otra. En este concepto, con la nota característica de *exclusión de cualquier otra persona,* es perfectamente claro que el carácter de propietario no se da en dos o más personas contradictoriamente; entre dos o más personas con opuesto interés en cuanto al dominio de una cosa, una de ellas, y sólo una, es el propietario. Puede suceder que aun teniendo una persona el derecho de propiedad o de dominio, derecho complejo constituido por los de usar, gozar, disponer y trasmitir, otra persona esté poseyendo, o reteniendo en otra forma, la cosa de la que no es dueño. Y de aquí que cuando se trata de la acción reivindicatoria, el código y la jurisprudencia hablen siempre del posible demandado como *tenedor o poseedor* de la cosa, por la razón obvia de que no pueden darle otro nombre, ya que no le pueden asignar el de propietario o dueño: si lo fuera, no habría acción reivindicatoria, ya que en sus manos estaban unidos el supremo derecho del dueño, y el hecho y quizá el derecho del poseedor. Pero, con todo, estimamos muy difícil hacer llegar las consecuencias de ese artículo y de la jurisprudencia hasta convertir el arrendatario en sujeto de la acción reivindicatoria, ya que el arrendatario no tiene en la verdad legal, más que el uso y goce, temporal y transitorio, de la cosa arrendada, y aun los tiene por cesión de quien se suponía dueño y como tal facultado para trasmitir tales facultades del dominio. Bueno es recordar a este fin, y con respecto al arrendamiento que el Código Civil, en sus artículos 1462 y 1463, salva la distinción entre las

facultades del dueño y las del arrendatario, en la forma siguiente:

"Artículo 1462.—El arrendatario está obligado a poner en conocimiento del propietario, en el más breve plazo posible, toda usurpación o novedad dañosa que otro haya realizado o abiertamente prepare en la cosa arrendada.

"También está obligado a poner en conocimiento del dueño, con la misma urgencia, la necesidad de todas las reparaciones comprendidas en el número 2 del artículo 1457.

"En ambos casos será responsable el arrendatario de los daños y perjuicios que por su negligencia se ocasionaren al propietario.

"Artículo 1463.—El arrendador no está obligado a responder de la perturbación de mero hecho que un tercero causare en el uso de la finca arrendada; pero el arrendatario tendrá acción directa contra el perturbador."

El problema, en cuanto a la excepción cuya resolución da origen a este señalamiento de error, se limita a resolver si la arrendataria South Porto Rico Sugar Co. es una parte necesaria o propia, en este litigio.

No podemos decidir que el derecho que el artículo 1474 del Código Civil da al comprador de una finca arrendada, para hacer cesar el arrendamiento, sea la norma en un caso como el presente. Excepcional como es ese derecho, ya que va contra la eficacia de un contrato de arrendamiento, no puede interpretarse o aplicarse más que de una manera estricta; y sólo al que adquiere, por compra, y no por cualquier otro modo de adquirir, puede reconocérsele.

La apelante alega que tiene reconocido el arrendamiento de la parcela de que se trata, desde el tiempo en que era propiedad de Griffo y Compañía, a favor de la Bernal Estate, de que es sucesora South Porto Rico Sugar Co., y que su acción en nada podría afectar a la arrendataria, por lo que ésta no es parte interesada.

La alegación 8, primera causa de acción de la demanda, es así:

"Que así cuando las referidas fincas fueron compradas por Don Alejandro Franceschi, como cuando lo fueron por el demandado, es-

taban dadas en arrendamiento por la Sociedad Griffo y Compañía a la Bernal Estate por escritura número 28 de 27 de Julio de 1911, por un término que expirará el 14 de Junio de 1931, por lo que ninguno de dichos compradores tomaron posesión material de las parcelas A (6351) y B (6352).''

Y la número 9, de la misma causa de acción, es como sigue:

''Que en virtud del referido arrendamiento The Bernal Estate y más tarde en 9 de julio de 1917, su sucesión en interés, South Porto Rico Sugar Company, tomaron posesión de las fincas A (6351) y B (6352) y también de la parcela número 11, que nunca fué enajenada por su dueña y poseedora la Sociedad Griffo y Compañía hasta 3 de Enero de 1925 en que fué vendida judicialmente, por el Marshal de la Corte de Distrito de Ponce, en virtud de orden de ejecución para el cobro de hipoteca a la demandante y acreedor hipotecario, quien ha inscrito dicha finca a su nombre en el Registro de la Propiedad y la tiene actualmente inscrita en virtud de la escritura de venta judicial número 32 ante el notario José Tous Soto de 25 de Abril de 1925.''

Las fincas a que se refiere la alegación 8 son las señaladas A (6351) y B (6352), y en ellas, según aparece de la alegación 6, primera causa de acción, no fué incluida la finca que bajo el número 11 se describe en la misma demanda. No vemos que se acepte, al menos de un modo rotundo, que el arrendamiento de esa parcela fué hecho por Griffo y Compañía.

Pero, prescindiendo de la forma en que la discusión se ha entablado, hay otro extremo que creemos de verdadera importancia para la resolución de este señalamiento de error.

Dados los hechos, ¿hay una causa de acción contra el arrendatario? Si la hubiera en derecho, no hay discusión posible en cuanto a su calidad de parte, necesaria o propia. Si no la hay es indiscutible que traerla al pleito no sería correcto ni admisible.

¿Qué alegaciones podrían hacerse contra el arrendatario? En una acción reivindicatoria, en la c--- se ha de discutir

y se debe resolver en cuanto al dominio, en cuanto al título, en cuanto a la propiedad, realmente no cabe alegación contra el arrendatario, poseedor que deriva el goce y disfrute de la cosa, de quien como propietario se las cedió, y de quien tiene, por sí, que defender su título, sin que por él o en su beneficio pueda hacerlo el arrendatario.

Parece justificada la diferencia que por la apelante se establece e invoca, entre la acción de *ejectment* y la acción reivindicatoria. La esfera de acción en una y otra son diferentes. En la de *ejectment* hay, más que otra cosa, una acción de posesión, y quizá es suficiente alguna vèz el derecho posesorio, para fundarla. En la reivindicatoria, hay el derecho al título, a la propiedad plena. Y para esta clase de acciones, no es el arrendatario parte necesaria, o parte propia.

Declárase así la existencia del error señalado bajo el número segundo.

█ El tercer señalamiento de error es éste:

"La corte erró al estimar que la demanda en su primera, segunda y tercera causas de acción no aduce hechos suficientes para determinar una causa de acción."

Es forzoso estudiar por separado las distintas causas de acción, y la resolución en cuanto a cada una de ellas.

En la alegación 9 de la primera causa de acción, se dice, que la parcela No. 11, nunca fué enajenada por su dueña y poseedora la sociedad Griffo y Compañía hasta 3 de enero de 1925 en que fué vendida judicialmente por el Márshal de la Corte de Distrito de Ponce, en virtud de orden de ejecución para el cobro de hipoteca a la demandante y acreedor hipotecario, quien ha inscrito dicha finca en el registro de la propiedad y la tiene actualmente inscrita en virtud de la escritura de venta judicial No. 32 ante el notario Don José Tous Soto de 25 de abril de 1925.

El fundamento de la excepción en cuanto a esta causa de acción es que el título alegado por la demandante dimana de procedimiento judicial, y con arreglo al artículo 126 del

Código de Enjuiciamiento Civil, tratándose de la alegación de una sentencia, debe llenarse uno de estos tres requisitos: (*a*) exponer los hechos determinantes de la jurisdicción de la corte; o, (*b*) alegar que la resolución o sentencia se dictó en debida forma; o, (*c*) insertar en la demanda la sentencia o resolución de que se trata.

En apoyo de esa contención nos cita ahora la parte apelada el caso *Candal* v. *Pierluissi,* 28 D.P.R. 607, que no encontramos de aplicación ya que en el caso citado se trató por el demandante Candal de cobrar un crédito declarado por sentencia, que no es el caso ante nosotros. Aquí, el título no es la sentencia recaída en determinado pleito, sino la venta judicial que hizo el márshal; y la escritura de venta, como título en sentido menos amplio. No sería un serio obstáculo la circunstancia de que en procedimientos hipotecarios sumarios no hay una verdadera sentencia, si hubiera una resolución que fuera en sí el título alegado, ya que los dos términos, sentencia y resolución, se comprenden en el artículo 126 del Código de Enjuiciamiento Civil; ni sería tampoco materia de grave consideración la de si puede o no un tercero, extraño al procedimiento hipotecario, atacar la jurisdicción de la corte que en él actuó, que creemos puede hacerlo, aunque en un caso como éste, sería más materia de defensa que de excepción. Lo importante aquí es que el título que se alega es la escritura de venta judicial, y ello basta para que no sean exigibles los requisitos del precepto procesal citado.

Con relación a la segunda causa de acción, y a la excepción que a ella se refiere, encontramos que las partes han argumentado detallada y quizá un tanto profusamente, sus contenciones: y de esto resulta una confusión difícil de resolver.

La parte apelante, al argumentar acerca de la excepción de indebida acumulación de acciones, ha sostenido que:

"Lo que sucede es que la acción reivindicatoria se expone en dos diferentes *counts* o formas distintas, que se han denominado *causas*

*de acción,* cuando en realidad 'son formas, modos o maneras, de exponer la misma causa de acción. Rigurosamente hablando la llamada segunda causa de acción no hace otra cosa que exponer admisiones del demandado de la certeza de los hechos alegados por el demandante, el reconocimiento del derecho dominical de éste sobre la parcela reclamada, la aceptación de que la parcela número 11 de la alegación 2a. es la parcela A del plano levantado por el agrimensor Valls en Abril de 1905, cuando esta parcela y las pertenecientes ahora al demandado eran de la propiedad de la Sucesión de Don Braulio Fernández, por encargo de quien se hizo dicho plano. Podrá estar la llamada segunda causa abierta a la objeción de que contiene materia evidenciaria o probativa, pero ésta no es la cuestión ahora ante la corte.''

La parte apelada recoge estas declaraciones como un serio argumento en favor de su excepción previa. Verdaderamente, si esas alegaciones se limitan a hacer aparecer o resaltar admisiones de la parte demandada, cualquiera que sea la ocasión de usarlas, por el momento no son constitutivas de un fundamento de causa de acción. Y si ellas son otra forma de exponer la misma primera causa de acción, no pueden, no deben ser expuestas como causa distinta; y en el concepto de segunda causa de acción, y si los hechos que en ella se alegan tienen otro significado que el que antes se indica, las alegaciones serían las de la existencia de un compromiso, y entonces, de acuerdo con la ley, (Código Civil, artículo 1722) y con la jurisprudencia (*Mas v. Llona,* 31 D.P.R. 31 falta la alegación esencial de la constancia del compromiso en escritura. Es verdad que nuestro Código Civil declara en su artículo 1245 que los contratos son obligatorios cualquiera que sea la forma en que se celebren siempre que concurran los requisitos esenciales para su validez. Pero a pesar de esta adhesión del código el principio espiritualista en la contratación, ha tenido el legislador, por razones varias, que adoptar en cuanto a algunos contratos, un término medio, de transacción; y así, en las capitulaciones matrimoniales exige la constancia de las mismas en escritura pública, salvo la excepción del artículo 1291; y en la sociedad (artículo 1569) cuando se aportan bienes inmue-

bles, se exige la escritura como forma de constitución; y en la hipoteca, se hace indispensable la escritura inscrita.

Sobre estas consideraciones, se hace necesario declarar que la excepción a que nos estamos refiriendo fué resuelta de acuerdo con la ley y la jurisprudencia, en este particular.

■ En lo que la excepción afecta a la tercera causa de acción, ella se basó en que no se había alegado que el demandado tuviera conocimiento de que en su título hubiera vicio que lo invalidara.

La parte apelada funda su excepción en los artículos 436, 437 y 453 del Código Civil, en los artículos 134, 195, 191, y 197 Código de Enjuiciamiento Civil, y en la jurisprudencia de este tribunal y otros de los Estados Unidos.

La apelante sostiene que la alegación por ella presentada, y que dice así:

"Que el demandado ha percibido a sabiendas de que no le pertenecen, las rentas de la parcela referida, desde el día 27 de septiembre de 1923, a razón de $16.20 por cuerda anuales en perjuicio de la actora,"

es bastante; y que la alegación 10 de la primera causa de acción de la demanda expresa que el demandado percibe las rentas de la parcela propiedad de la actora y que él no compró tal parcela.

En esta tercera causa de acción se trata de la reclamación de rentas de la parcela que se alega ser de la demandante, y la que, según la alegación, retiene y posee como propia el demandado, sin título y a sabiendas de que la finca no es suya, según las alegaciones.

Las decisiones en los casos *Teillard* v. *Teillard,* 18 D.P.R. 563 y *Salguero* v. *American Railroad Company of P. R.,* 17 D.P.R. 622, no tienen, en el caso ante nosotros, la aplicación que por la parte apelada se le supone. En el primero de esos casos se trató de la teoría de la mala fe, en cuanto a la adquisición y posesión de bienes, en su relación con la acción reivindicatoria; y en el segundo, de una compañía que había venido ocupando por cierto tiempo unos terrenos,

en la creencia de que pertenecían al Pueblo de Puerto Rico, y de un demandante que reclamaba indemnización por entender que eran suyos los terrenos.

Las decisiones en los casos *González* v. *Pirazzi*, 23 D.P.R. 399, y *Solá* v. *Castro*, 32 D.P.R. 804, sostienen que cuando en un pleito no aparece que el demandado haya poseído de mala fe, no se pueden conceder frutos y rentas. En el primer caso hubo un pleito, y por lo que resulta, no apareció que los demandados hubieran poseído de mala fe; no se trataba de la eficacia procesal de las alegaciones, sino de los hechos resultantes de la prueba. Y en el segundo caso, hubo una venta judicial, cuya inexistencia se sostuvo por la parte demandante, y hubo una expresa declaración de buena fe en los demandados al comprar y poseer los bienes.

Creemos que, tratándose de una causa de acción que se establece por separado, todos los hechos esenciales de la misma deben alegarse de un modo expreso. Ésta es la jurisprudencia.

La excepción en este particular, está bien fundada.

El cuarto señalamiento se refiere a la resolución en lo que afecta a ambigüedad en la primera causa de acción.

La corte de distrito encontró contradicción e inconsistencia entre los hechos o alegaciones 2 y 3 de la demanda. Y sostiene que:

"En el hecho 2 se alega o expone, que en abril de 1905, los herederos de Don Braulio Fernández eran dueños y poseedores de terrenos representados en el plano que se acompaña como exhibit No. 1 o sea de 5 suertes de tierra, comprensivas respectivamente de 13.83 cuerdas, 23.13 cuerdas, 3.25 cuerdas, 4.13 cuerdas y 36.94 cuerdas, y de 5 cascajales con superficie respectiva de 0.68, 5.28, 3.87, 1.07 y 0.18.

"En el hecho 3 de la demanda se alega o expone que dichas suertes o porciones representadas en tal plano eran, al ser éste levantado en 1905, según sus' títulos, las siguientes; y se describen 11 fincas de 29 cuerdas, 3 cuerdas 25 céntimos, 4 cuerdas, 2 cuerdas y media, 3 cuadros, 10 cuerdas 85 céntimos, 18 cuerdas, 3 cuerdas, 8 cuerdas, 2 cuerdas y 14 cuerdas, respectivamente.

"Una comparación entre las cabidas o las suertes de tierra y cascajales del hecho 2 y las cabidas de las mismas fincas en el hecho 3 de dicha primera causa de acción, evidencia una clara contradicción e inconsistencia que autoriza la excepción No. 7 del Artículo 105 del Código de Enjuiciamiento Civil, por el motivo de ambigüedad y duda.''

Sin duda alguna, la intención de la demandante fué precisar en lo posible los antecedentes de esas fincas, y hacer más clara la demanda. Convenimos con la apelante en .que probablemente pudo haber omitido esos antecedentes sin perjudicar sus alegaciones, ya que lo que quiere reivindicar es la finca que señala con el número 11, y esto en toda probabilidad, pudo hacerse prescindiendo de esos antecedentes, que serán fácilmente comprensibles para el litigante, pero quizá no lo sean para los que carezcan de los datos previos que él tiene.

No creemos que las alegaciones de que se trata llevan a confusión importante a la parte demandada, ni la pudieran traer al espíritu del juez, al resolver el caso. No hay entre ellas una contradicción de importancia, ni una incertidumbre que pueda producir efecto perjudicial. La acción se refiere a una finca que se describe suficientemente, y nos parece que no afecta de una manera seria a su descripción la diferencia que pueda haber entre aquellas alegaciones. Quizá es éste uno de los casos en que pueda seguirse el precepto del artículo 142 del Código de Enjuiciamiento Civil, cuyo texto es como sigue:

"En cualquier estado de un pleito la corte no tomará en cuenta algún error o defecto en las alegaciones o procedimientos que no afecten a lo esencial de los derechos de las partes, y no 'se revocará o invalidará ningún fallo por razón de dicho error o defecto.''

La apelante sostiene con razón la existencia de error en la materia.

El quinto señalamiento de error se halla expresado así:

"Quinto Error.—La corte erró al estimar prescrita la tercera causa de acción en reclamación de frutos y rentas.''

Dada la forma en que se ha resuelto el tercer señalamiento de error en cuanto se refiere a la tercera causa de acción, no es necesario resolver en cuanto a la prescripción con referencia a la misma causa de acción, ya que sostenida la primera excepción relativa a ella, no puede entrarse en el estudio de la prescripción por faltar alegación en la demanda.

Por las razones expresadas, *debe revocarse la sentencia apelada* en cuanto a la resolución de las excepciones, indebida acumulación de acciones, defectos de partes demandadas, ambigüedad en la primera causa de acción, *confirmándola* en lo demás y devolviéndose el caso para ulteriores procedimientos no incompatibles con esta opinión.