Rosalía Villarín, demandante y apelante, *v.* Juan Suárez Correa, Valentín Blanch y su esposa Isabel Matías, demandados y apelados.

No. 6677.—*Sometido:* Abril 4, 1935. *Resuelto:* Julio 26, 1935.

*A. Marín Marién,* abogado de la apelante; *A. Agosto* y *R. Barbosa,* abogados, respectivamente, de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

■■■ Rosalía Villarín y Juan Suárez Correa fueron divorciados por la Corte de Distrito de San Juan el 7 de septiembre de 1933. Rosalía Villarín instituyó entonces el presente recurso. Alegó substancialmente que al momento de disolverse el matrimonio Juan Suárez poseía ciertos inmuebles, de los cuales el referido demandado antes de la disolución del vínculo, transfirió cierta casa ubicada en San Juan a Valentín Blanch, casado con Isabel Matías; que el traspaso se hizo sin que mediara causa alguna y en perjuicio de la demandante; que los cesionarios no ignoraban que la finca era ganancial; y que la demandante no consintió al traspaso. Se solicitaba la nulidad del mismo. Además de Suárez, se hizo a Blanch y a su esposa partes en el litigio.

Todos los demandados excepcionaron, fundados en la indebida acumulación de partes y de acciones. Suárez excepcionó, además, alegando que la demanda era ambigua, etc., y que la misma no aducía una causa de acción. La corte sostuvo las excepciones por todos los fundamentos.

Nos inclinamos a convenir con la apelante en que la cuestión de ambigüedad no fué bien alegada ni claramente resuelta, mas ella se fundiría, a nuestro juicio, en la cuestión de la suficiencia de la causa de acción.

En la teoría de que la propiedad era ganancial, somos del criterio de que no hubo una indebida acumulación de partes o de acciones. Todas las partes en el caso fueron afectadas por el supuesto traspaso y todas ellas no tienen que ser afectadas de igual modo. Artículo 104 del Código de Enjuiciamiento Civil; *Battle* v. *Torruellas,* 39 D.P.R. 205, 216; *Asociación de Señoras, etc.* v. *Diana,* 18 D.P.R. 778, 796; *Grady et al.* v. *Cannon et al.,* 66 N. W. 808; *Williams* v. *Crabb,* 117 Fed. 193, 202. Quizá la demanda no

esté bien titulada al decir "liquidación de gananciales". No obstante, la teoría fundamental era la de cancelación o nulidad.

██ Por otra parte, convenimos con la corte en que la demanda no aducía una causa de acción. El hecho de que el marido, durante el matrimonio, a la disolución o después, poseyera ciertos bienes, no demuestra que los mismos son gananciales; ni surge de la demanda ninguna presunción de que lo fueran.

Los artículos 1319 y 1322 del Código Civil leen así:

"Artículo 1319. Las expensas útiles, hechas con los bienes peculiares de cualquiera de los cónyuges mediante anticipaciones de la sociedad o por la industria del marido o de la mujer, son gananciales.

"Lo serán también los edificios construídos durante el matrimonio en suelo propio de uno de los cónyuges, abonándose el valor del suelo al cónyuge a quien pertenezca.

"Artículo 1322. Se reputan gananciales todos los bienes del matrimonio, mientras no se pruebe que pertenecen privativamente al marido o a la mujer."

El artículo 1322 sienta una presunción que quizá podía favorecer a la demandante en un juicio, pero no obvia la necesidad de alegar que los bienes son gananciales. Debieron alegarse hechos que demostraran que los bienes pertenecían a la sociedad.

*La sentencia debe ser confirmada, sin perjuicio del derecho de la demandante de solicitar permiso para enmendar su demanda.*

El Juez Asociado Señor Córdova Dávila no intervino.