CONSOLIDATED BROADCASTING CORPORATION, demandante y apelante, *v.* JULIO M. CONESA, demandado y apelado.

Núm. 9150.—*Sometido:* Diciembre 26, 1945. *Resuelto:* Marzo 13, 1946.

*Gilberto López de Victoria,* abogado de la apelante; *Pablo Defendini,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA emitió la opinión del tribunal.

Se trata de una acción para obligar al demandado a cumplir con un contrato en que se comprometió a .vender una estación de radio, con su equipo, terrenos y edificios, al causante de la demandante.

De la demanda y de la prueba de la demandante resulta que a la fecha de otorgarse el contrato era casado el demandado, y que su esposa no prestó su consentimiento. Terminada la prueba de la demandante, produjo el demandado una moción de *nonsuit*. La corte inferior declaró con lugar la moción y dictó sentencia contra la demandante, por entender que, debiendo presumirse gananciales los bienes objeto del contrato, y tratándose de bienes inmuebles, era ineficaz el contrato por no haberlo consentido la esposa del demandado. La demandante apela, sosteniendo que erró la corte inferior al presumir gananciales los bienes objeto del contrato.

El artículo 1307 del Código Civil (Ed. de 1930) dispone que "Se reputan gananciales todos los bienes del matrimonio, mientras no se pruebe que pertenecen privativamente al marido o a la mujer." La apelante arguye que la presunción que establece el artículo citado no surge hasta tanto se demuestre que los bienes fueron adquiridos durante el matrimonio. Cita en apoyo de su contención el caso de *Villarín* v. *Suárez,* 48 D.P.R. 960.

El caso citado no es aplicable. Resuelve que la demanda en que una mujer divorciada pretendía anular el traspaso de bienes inmuebles de su ex-esposo no aducía hechos suficientes porque no alegaba que los bienes eran gananciales. Dijimos entonces:

"El artículo 1322([1]) sienta una presunción que quizá podría favorecer a la demandante en un juicio pero no obvia la necesidad de alegar que los bienes son gananciales." . . .

Como puede verse, el caso sólo resuelve que, cuando el hecho de ser ganancial cierta propiedad es esencial a una

---

([1])Hoy 1307, Código Civil, Ed. de 1930.

794

causa de acción, hay que *alegarlo,* aunque para *probarlo* se valga la parte de una presunción.(²) No limita ni discute siquiera el alcance de la presunción como regla de evidencia.

Ya hemos resuelto en dos ocasiones que la presunción de gananciales que establece el artículo 1307 es aplicable a bienes que pertenecen a cualquiera de los cónyuges durante el matrimonio, aunque se desconozca si la adquisición fué posterior al matrimonio. *Cortés et al.* v. *Díaz et al.,* 31 D.P.R. 454; *Figueroa* v. *Registrador,* 24 D.P.R. 851.(³) En el caso de *Muñoz et al.* v. *Sucesión de López de Azúa,* ante, pág. 741, se resolvió que no se había sentado la base para la presunción, y se dijo que no hubo prueba de que los bienes fueran adquiridos durante el matrimonio. Dicho caso no es inconsistente con los que acabamos de citar, sin embargo, ya que se trataba de bienes que poseía una viuda dos años después de haber muerto su esposo, sin que se demostrara que esos bienes pertenecieran a ella o a su esposo, durante el matrimonio. Es evidente que la presunción que establece el artículo 1307 del Código Civil sólo es aplicable a aquellos bienes que se les conozcan a los esposos durante el matrimonio, y eso fué todo lo que resolvimos en el caso de *Muñoz* v. *Sucesión de López de Azúa,* supra.

Un examen de los precedentes del artículo 1307 tiende a confirmar la conclusión de que fué la intención del legislador aplicar la presunción a todos los bienes que pertenecieren a los cónyuges durante el matrimonio, a menos que se probare que, ya por haber sido adquiridos antes del matri-

---

(²) Véase *Mahon* v. *Harney County Nat. Bank,* 104 Ore. 323, 206 P. 224; *Hunt* v. *First Nat. Bank of Halfway,* 102 Ore. 398, 202 P. 564; *Herzog* v. *Atchison, Topeka and Santa Fe R. R.,* 153 Cal. 496, 95 P. 898. Pero véase en sentido contrario, *Kershaw* v. *Merchants'. Bank,* 7 How. (Miss.) 386, 40 Am. Dec. 70; *Hitt* v. *Carr,* 77 Ind. App. 488, 130 N.E. 1.

(³) Igual interpretación prevalece en Filipinas. *Viloria* v. *Aquino,* 28 Jur. Fil. 268. California y Luisiana llegan a la misma conclusión, interpretando disposiciones análogas. *Tarien* v. *Katz,* 216 Cal. 554, 15 P.2d 493; *Succession of Manning,* 107 La. 456, 31 So. 862; *Nores* v. *Carraby,* 5 Rob. (La.) 292; *Montegut* v. *Trouart,* 7 Martin O.S. (La.) 361.

monio, ya por cualquier otra razón, los bienes son privativos de los cónyuges o de uno de ellos. En primer término, vemos que las Leyes de Partida establecían la presunción de que, al morir el esposo, todo el dinero, ropa y otras cosas que se encontraren en poder dè su viuda se reputarían propiedad del finado.(⁴)

Nótese que nada se dice en Las Partidas en cuanto a la fecha de adquisición, reputándose bienes del esposo todos los bienes que estén en poder de la esposa al morir aquél, e incumbiendo a la esposa probar lo contrario.

La presunción establecida en Las Partidas aparece radical, y expresamente alterada en la Novísima Recopilación, Libro X, Título IV, ley cuarta:

"Como quier que el Derecho diga, que todas las cosas que han marido y muger, que todas se presumen ser del marido, hasta que la muger muestre que son suyas; pero la costumbre guardada es en contrario, que los bienes que han marido y muger, que son de ambos por medio, salvo los que probare cada uno que son suyos apartadamente; y ansi mandamos, que se guarde por ley."

Aunque de acuerdo con la Novísima Recopilación la presunción es de que los bienes de los cónyuges son gananciales, cuando antes la presunción era otra, la base para aplicar la presunción es la misma, o sea, se aplica la presunción a "Los bienes que han marido y muger" y se dice que bajo Las Partidas se presumían del marido "todas las cosas que han marido y muger." Es decir, la presunción, tanto en la Novísima Recopilación como en Las Partidas, es aplicable a todos los bienes que los cónyuges tienen o poseen durante el matrimonio.

---

(⁴)Partida 3ª., título XIV, ley segunda: " . . . E otrosi dezimos que cuando el marido muere e fallan dineros, e ropa, e otras cosas poder de su muger, que solía beuir con el, e pedían los herederos aquellas cosas, en nome del finado, si la muger negare en juyzio, que aquellas cosas non eran de su marido, e las razonare por suyas, o que ha alguno derecho en ellas, tenuda es de lo prouar: e si desto non pudiere dar prueua verdadera, deuen ser entregados todos aquellos bienes a los herederos del finado."

Nada hay en la fraseología del artículo 1307 de nuestro Código (1407 del Código Español) que indique la intención de limitar el alcance de la presunción según ésta aparece de la Novísima Recopilación. Tampoco encontramos base para interpretar esa fraseología restrictivamente, en los propósitos de la presunción, a saber, "entronizar el carácter común de las adquisiciones de los cónyuges"([5]) y proteger a los acreedores contra el fraude.([6])

No erró, por lo tanto, la corte inferior al estimar innecesaria, a los fines de dejar establecida la presunción de que los bienes eran gananciales, prueba en cuanto a la fecha de su adquisición. Arguye la apelante, no obstante, que no es de aplicación la presunción en ausencia de prueba de que el matrimonio constituído por el demandado y su esposa, se rige por el régimen de la sociedad de gananciales. No es necesaria tal prueba, pues el artículo 1267 del Código Civil (Ed. de 1930) dispone que todo matrimonio se entiende contraído bajo el régimen de la sociedad legal de gananciales, a falta de estipulación contraria de los cónyuges antes de contraerlo, y por lo tanto se presume que el demandado y su esposa tienen constituída una sociedad de gananciales. *Wilson & Gandy Inc.* v. *Cummings,* 150 So. 436 (La.), *Beigel* v. *Lange,* 19 La. Ann. 112.

■ Debiendo presumirse gananciales los bienes objeto de este litigio, y tratándose de bienes inmuebles para disponer de los cuales precisa el consentimiento de la esposa, procedió correctamente la corte inferior al negarse a ordenar el cumplimiento específico del contrato hecho por el marido sin el consentimiento de la esposa. *Debe confirmarse la sentencia apelada.*

---

([5])22 Scaevola, Código Civil, 234.
([6])9 Manresa, Comentarios al Código Civil Español, 608.