ANÍBAL MALDONADO Y SU ESPOSA LOURDES VILLARINY, demandantes y recurridos, *v.* HULL DOBBS 65th INFANTRY FORD, INC., demandada y recurrente.

*Número:* R-70-101      *Resuelto:* 9 de octubre de 1974

*Orlando J. Antonsanti* y *Ernesto González Piñero,* abogados de la recurrente; *Carlos E. Colón,* abogado de los recurridos.

PER CURIAM: En el novelesco desarrollo de este conflicto un modesto automóvil Chevrolet usado, modelo 1957, que fue vendido en 1964 por $530 generó para su compradora una sentencia favorable por $11,384.00. Ni el ave fénix tenía esa capacidad de recuperación. Esta exhuberancia reparadora traé causa de un error de derecho: haberse guiado el juez de instancia por el precepto general del Art. 1054 del Código Civil (31 L.P.R.A. sec. 3018) [1] que sujeta a indemnización a todo aquél que contraviniere al tenor de sus obligaciones, en vez de aplicar el ordenamiento especial provisto por el Código para los casos de saneamiento por evicción en sus Arts. 1364 y ss. (31 L.P.R.A. secs. 3832 y ss.), pues todo la controversia

---

[1] Art. 1054 (31 L.P.R.A. sec. 3018)

"Quedan sujetos a la indemnización de los daños y perjuicios causados, los que en el cumplimiento de sus obligaciones incurrieren en dolo, negligencia o morosidad, y los que de cualquier modo contravinieren al tenor de aquéllas."

justiciable se mantiene dentro del marco de una compradora despojada de su coche por quien alegaba tener un título superior al de su vendedora.

La firma Hull Dobbs 65th Infantry Ford, Inc., vendió el referido automóvil Chevrolet a Lourdes Villariny anotándose el traspaso en el Departamento de Obras Públicas y ésta lo vendió dos semanas después a Carmen Torres quien lo poseyó por 6 meses, pues el 29 de junio de 1965 un Alguacil del Tribunal de Distrito se incautó del mismo en virtud de un procedimiento de reposesión seguido por Caribbean Finance Company contra su deudora en venta condicional Zaida González, titular anterior del vehículo en el registro de Obras Públicas, acción que terminó por sentencia firme en la que se ordenó la restitución del automóvil a la Caribbean Finance. A pesar de que intervino en esta acción de reposesión alegando ser una tercera poseedora con justo título y buena fe, Carmen Torres no trajo al pleito a su vendedora Villariny ni a la trasmitente anterior Hull Dobbs 65th Infantry, ni en modo alguno les notificó sobre dicha demanda. Optó por iniciar posteriormente una acción civil separada bajo el Núm. CS-66-1047 (Ponce) reclamando daños y perjuicios de su vendedora Lourdes Villariny e incluyendo como parte demandada a una entidad denominada Hull Dobbs Co., Inc., reclamándoles el precio por ella pagado, su inversión en el vehículo más $5,000 por daños morales para un total de $6,700.00. La demandada Villariny no se defendió. Aparece en autos una titulada "Contestación a la Demanda" en que acepta como ciertos todos los hechos allí alegados([2]) y añade: "Que Hull Dobbs Company les vendió dicho vehículo en la forma que se alega en la demanda" (dolosamente, teniendo conocimiento de que le pertenecía a tercera persona llamada Zaida González). El juez de instancia en aquel primer pleito desmintió dicha asevera-

---

([2])La rendición del derecho de la demandada allí, y ahora recurrida, fue tan extensa que se le condenó a pagar la partida de $5,000 por daños morales sin que se practicara prueba alguna de daños.

ción al concluir que "la Sra. Villariny tenía conocimiento de que la entidad de la cual ella obtuvo el automóvil lo era Hull Dobbs 65th Infantry, por haberle expedido dicha entidad el recibo 30045, el 18 de noviembre de 1964, como pronto pago de $530 para la compra del mismo que es el Exhibit I de la demandante." Opinión y Sentencia, Exhibit VII, pág. 3. Concluyó, además, el juez en dicho primer pleito CS-66-1047 que "Hull Dobbs Co. of Puerto Rico y Hull Dobbs 65th Infantry Ford, Inc. son dos corporaciones completamente distintas y separadas una de la otra con junta de directores distintas sin que la demandante haya aportado prueba alguna en contrario." (*Ibid.*, pág. 4, conclusión #9) por lo que absolvió a Hull Dobbs Co. of Puerto Rico y condenó a los allanados esposos Maldonado-Villariny a pagar a su compradora la suma de $6,700 por la cual ésta les aceptó un pagaré.

A pesar de que un tímido descubrimiento de prueba hubiera revelado temprano en la litigación que Hull Dobbs 65th Infantry era la verdadera vendedora, pues como hemos visto éste era un hecho conocido por la demandada Villariny quien en su actitud cooperadora con su compradora demandante no hubiese tenido reparo en revelarlo, dicha vendedora Hull Dobbs 65th Infantry Ford no fue sustituida como parte demandada ni llamada al pleito como tercera demandada ni en forma alguna se enteró de dichos procedimientos por lo que ninguna oportunidad tuvo de defender su interés frente a la reclamación.

Así terminado el primer pleito Lourdes Villariny y su esposo inician el segundo bajo el Núm. CS-67-4479 dirigido esta vez contra Hull Dobbs 65th Infantry Ford, Inc., también sobre daños y perjuicios, en cuya demanda relatan los antecedentes ya expuestos alegando en esencia que dicha corporación demandada les había vendido el Chevrolet modelo 1957 sabiendo que no era suyo sino de Zaida González y reclamando exactamente los $6,700 importe de la anterior sentencia satisfecha con pagaré y otros $5,000 por sufrimientos morales. El

juez de instancia consideró intocable la partida de $6,700 reclamados por estimar la primera sentencia inmune a todo ataque colateral, y al dictar sentencia en este segundo pleito impuso su pago a Hull Dobbs 65th Infantry Ford, Inc., condenándola, además, a satisfacer partidas de $2,500 por angustias mentales; $1,184.05 de intereses legales hasta aquel momento; costas y $1,000 de honorarios de abogado; en total $11,384.05.

█ Es contra dicha sentencia que recurre la vendedora del vehículo de motor. Como hemos anticipado, por tener todo este litigio origen en el saneamiento por evicción(³) invocado por la compradora y ser ésta la única y legítima causa de acción ejercida, es de rigurosa aplicación el Art. 1370 del Código Civil (31 L.P.R.A. sec. 3838), que ordena: "El vendedor estará obligado al saneamiento que corresponda, siempre que resulte probado que se le notificó la demanda de evicción a instancia del comprador. Faltando la notificación, el vendedor no estará obligado al saneamiento."

---

(³) Art. 1364 (31 L.P.R.A. sec. 3832)

"Tendrá lugar la evicción cuando se prive al comprador, por sentencia firme y a virtud de un derecho anterior a la compra, de todo o parte de la cosa comprada.

El vendedor responderá de la evicción aunque nada se haya expresado en el contrato.

Los contratantes, sin embargo, podrán aumentar, disminuir o suprimir, esta obligación legal del vendedor."

Art. 1367 del Código Civil (31 L.P.R.A. sec. 3835)

"Cuando se haya estipulado el saneamiento o cuando nada se haya pactado sobre este punto, si la evicción se ha realizado, tendrá el comprador derecho a exigir del vendedor:

1. La restitución del precio que tuviere la cosa vendida al tiempo de la evicción, ya sea mayor o menor que el de la venta.

2. Los frutos o rendimientos, si se le hubiere condenado a entregarlos al que le haya vencido en juicio.

3. Las costas del pleito que haya motivado la evicción y en su caso las del seguido con el vendedor para el saneamiento.

4. Los gastos del contrato, si los hubiese pagado el comprador.

5. Los daños e intereses y los gastos voluntarios o de puro recreo u ornato, si se vendió de mala fe."

Esta defensa de falta de notificación pudo levantarla Lourdes Villariny contra su compradora Carmen Torres, en vez de allanarse, como se allanó, en el primer pleito. Se extiende también a Hull Dobbs 65th Infantry Ford, Inc., frente a la demanda de su compradora Villariny. Dicho artículo es parte esencialísima del debido proceso de ley en este tipo de acción. El vendedor, antes de que pueda exigírsele responsabilidad por la pérdida de la posesión legal de la cosa comprada, ha de ser notificado por imperativo ineludible del Código que incorpora principios procesales básicos de día en corte y juicio justo. Estamos ante una garantía precisa, de verdadero orden público, que no sucumbe a la conducta de los litigantes ni a la decisión del juzgador.

■ La exigencia de notificación al vendedor habrá de cumplirse aun en casos de ventas sucesivas a varios compradores. Así lo sostiene Scaevola comentando el concordante Art. 1.481 del Código Civil Español:

"En segundo término, el Código no atiende, o lo hace mal, al caso de las ventas sucesivas. Supone la posibilidad de varios vendedores, puesto que el artículo 1.482 habla de ellos, en singular y plural a la vez, pero con referencia a un solo comprador, ya que de esta palabra usa nada más que el singular, y también singularmente hace mérito de la notificación de la demanda. Se sobreentiende, sin embargo, que lo dicho de un comprador respecto de quien a él le vendió, es aplicable a aquel de quien compró el mismo, y así sucesivamente hasta persona que fue causa, o en cuyo tiempo ocurrió el hecho de que se deriva la evicción. Esta deducción es tan clara, así como también su natural consecuencia de ser posibles, en un solo pleito, varias notificaciones sucesivas de la demanda, que no merecen mayor estudio." Scaevola, *Código Civil Español,* To. 23, Vol. 2, pág. 174, 2da. Ed. Madrid 1970.

Dentro de esa norma de debido proceso de ley enunciada en el Art. 1370 citado, la recurrente Hull Dobbs 65th Infantry Ford, Inc., de haber sido citada en evicción, hubiese tenido oportunidad de probar la legalidad de su título de dominio

sobre el vehículo vendido, o la ausencia de mala fe en la transacción limitando la reclamación de la compradora al precio del automóvil en el mercado a la fecha del juicio (Art. 1367, inciso 1 del Código Civil); y de proceder la condena en daños ha podido exigir prueba de los mismos, (4) y hasta obtener una transacción más favorable que la sentencia por consentimiento producida por la claudicación de su compradora. Era la vendedora recurrente, y no la compradora, quien lógicamente tenía en sus manos los medios de defensa precisos para oponerse a la demanda por evicción. No se le oyó, y sin ser oída se le ha declarado incursa en dolo y mala fe y se le ha impuesto el pago de una indemnización a cuya cuantía se llegó sin recibir evidencia de tales daños.

La notificación al vendedor es necesaria porque tratándose de una materia tan delicada como la defensa ante los tribunales, en que la condena o absolución pueden depender simplemente de los medios puestos en práctica y hasta de la mayor o menor actividad que se emplea, no pudiendo consentir la ley que, a espaldas del vendedor, quizás hasta con mala fe, se siga un litigio en cuyas consecuencias es, sino el primero, el principal interesado, obliga asimismo a que se proceda desde el primer instante con su intervención, o, por lo menos, con su consentimiento. Scaevola, *Código Civil Español*, To. 23, Vol. 2, pág. 163, 2da. ed. Madrid 1970.

■ Aun cuando no afloren en el expediente las claras defensas que en el caso de evicción pudo oponer la recurrente Hull Dobbs 65th Infantry Ford, Inc., el solo hecho de que no se le citara enerva en tal grado todo el procedimiento, que hace inválida e ineficaz la sentencia revisada. *Agudo Cano* v. *Tribunal Superior*, 95 D.P.R. 892, 901 (1968); *Gaztambide* v. *Sucn. Ortiz*, 69 D.P.R. 315, 318 (1948); Manresa, *Comentarios al Código Civil Español*, To. 10, Vol. 1, págs. 316 y ss.,

---

(4) Destacamos la correcta posición del abogado de la recurrida, quien también lo fue de Carmen Torres, al insistir sin éxito en que se le permitiera presentar prueba de los daños.

6ta. ed. Madrid 1969; Castán, *Derecho Civil*, To. 4, pág. 116, ed. Madrid 1961.

██ Sólo cuando citado el vendedor no compareciere, quedará el comprador relevado de seguir el pleito, pudiendo allanarse a la demanda, como lo hizo Lourdes Villariny. Bonet y Ramón, *Código Civil Comentado*, pág. 1162, 2da. Ed. Madrid 1964. Todo se reduce a llamar a juicio al vendedor porque nadie puede ser condenado sin ser oído.

*Se revocará la sentencia revisada y se desestimará la demanda.*